UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY CHAYTOR,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. C11-1589-RSM<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff's motion for attorney fees, expenses and costs under the Equal Access to Justice Act ("EAJA") has been referred to the undersigned. Dkt. 31. The Commissioner opposes the motion contending her defense of the ALJ's decision was "substantially justified." *See* Dkt. 30. In reply, plaintiff argues the Commissioner failed to carry her burden of proof that her position was substantially justified and that the Court should award him an additional $681.98 in fees for litigating a fee dispute, for a total EAJA fee of $6,439.26. Dkt. 30 at 7. As discussed below, the Court recommends **GRANTING** plaintiff's motion for fees and supplemental fees.

Under the EAJA the Court may award attorneys' fees to a plaintiff in an action against the government if (1) plaintiff was the prevailing party; (2) the government failed to meet its burden to show that its positions during the case were substantially justified or that special circumstances make such an award unjust; and (3) the requested attorneys' fees are reasonable.

REPORT AND RECOMMENDATION - 1

28 U.S.C. § 2412(d)(1)(A); *see, e.g., Perez–Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

Plaintiff is a prevailing party as the Court reversed and remanded the Commissioner's final decision, under sentence four, for further administrative proceedings. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (An applicant for benefits is a prevailing party upon procuring a sentence-four remand for further administrative proceedings). The Commissioner does not dispute this, nor does she contend the fee request is unreasonable.

The Commissioner opposes plaintiff's fee request on the grounds her position was substantially justified. To meet the "substantially justified" standard, the Commissioner must advance a position justified to a degree that could satisfy a reasonable person. *See Pierce v. Underwood*, 487 U.S. 552, 565, (1988); *accord Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008). In other words, the government's position must have had a "reasonable basis in both law and fact." *Pierce*, 487 U.S. at 565; *accord Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).

In this case, plaintiff argued the ALJ erred in evaluating the opinions of David Widlan, Ph.D., James Czysz, Ph.D., Noel Howes, ARNP, and Jamie Kim, MHP, MSW. *See* Dkt. 20 at 1. The Commissioner contends she was substantially justified in defending ALJ's assessment of these doctors and other medical sources. She argues the Court reversed the ALJ by "interpret[ing] the evidence differently than the ALJ did," and that the evaluation of the medical and other source evidence involved a "genuine dispute over which reasonable people could and did differ." Dkt. 29 at 4-5. Contrary to the Commissioner's argument, the Court recommended reversing the ALJ on the grounds the ALJ's findings were not supported by substantial evidence, or because the ALJ had committed legal error. *See* Report and Recommendation, Dkt. 20 at 3, 5, 6, 7, 9. In short, the Commissioner's defense of the ALJ's assessment of the doctors and other sources had no reasonable basis in both law and fact. As such, the Commissioner's defense was

REPORT AND RECOMMENDATION - 2

not substantially justified.

The Commissioner also argues she was substantially justified in defending the ALJ's decision because "Plaintiff did not challenge the ALJ's credibility finding that determined his allegations were not credible." Dkt. 29 at 6.  Substantial justification is not an all or nothing proposition.  If it were, a prevailing parties' EAJA fee request would have to be denied where an ALJ completely and unjustifiably committed reversible error simply because the Commissioner can point to at least one part of the ALJ's decision in which the ALJ did not err.

In sum, this case does not present "a 'genuine' dispute about which reasonable people could differ," as the Commissioner claims.  If it did, the Court would have affirmed the Commissioner.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (Where evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.).  For the reasons above, the Court recommends plaintiff's motion for EAJA fees, (Dkt. 28) and supplemental request for the cost of defending his motion, (Dkt. 30) be **GRANTED** and that plaintiff be awarded EAJA fees and expenses of $**6,439.26**.

Any objections to this Recommendation must be filed and served upon all parties no later than **June 11, 2013.**  The Clerk should note the matter for **June 14, 2013**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.

///

///

REPORT AND RECOMMENDATION - 3

Objections and responses shall not exceed twelve (12) pages.  The failure to timely object may affect the right to appeal.

DATED this 28th day of May, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4